SHARTSIS FRIESE LLP
ANTHONY B. LEUIN (Bar #95639)
aleuin@sflaw.com
JOHN J. STEIN (Bar #253777)
jstein@sflaw.com
FELICIA A. DRAPER (Bar #242668)
fdraper@sflaw.com
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111-3598
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for Plaintiffs
TKG Management, Inc. and Pincay RE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TKG Management, Inc., a Missouri Corporation, and Pincay RE, LLC, a Delaware Limited Liability Company,

Plaintiffs,

v.

Chubb Custom Insurance Company and Chubb North America,

Defendants.

Case No. 2:19-cv-10986-AB-AS

**JOINT RULE 26(F) REPORT**

Judge: Andre Birotte Jr.

Date: July 17, 2020
Time: 10:00 a.m.
Courtroom: 7B

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Plaintiffs TKG Management, Inc. ("TKG") and Pincay RE, LLC ("Pincay") (collectively, "Plaintiffs") and Defendants Chubb Custom Insurance ("Chubb") and Chubb North America (collectively, "Defendants," and Defendants and Plaintiffs collectively, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Rule 26(f) Report in advance of the Scheduling Conference currently set for July 17, 2020 in this matter and address the matters outlined in the Court's March 13, 2020 Order Setting Scheduling Conference [ECF No. 25] as follows:

## A. Statement of the Case

### 1. Plaintiffs' Statement of the Case

Chubb sold TKG an Environmental Insurance Policy (the "Policy"), with $5 million limits, that covered, *inter alia*, "clean-up costs" from a "pollution incident" or "illicit abandonment." Among the Policy's covered sites was a parcel owned by Pincay (the "Pincay Property"), an additional insured under the Policy. The Pincay Property is one of multiple properties that form SoFi Stadium and Hollywood Park, the future home of the Los Angeles Rams and Los Angeles Chargers and a major entertainment destination (the "Stadium Project"). The Pincay Property, previously a parking lot, will be used as a parking lot that supports the stadium, which will predominantly be on 238 acres land adjoining the Pincay Property.

After Chubb issued the Policy and added Pincay and the Pincay Property, elevated concentrations of arsenic were detected at the site. Local officials required the Pincay Property be remediated in conformity with a Soil Management Plan that had been implemented at adjoining parcels; Plaintiffs spent more than $17 million in remediating the Pincay Property. Plaintiffs tendered a claim under the Policy, and Chubb initially indicated that it would honor its obligations and pay reasonable remediation costs. Thereafter, however, Chubb and its claims adjuster and administrator, Chubb North America, backtracked and have paid only a small fraction ($432,606) of the $5 million limits due under the Policy.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Since reversing position, Defendants have embarked on a campaign to delay and impede recovery and drive up Plaintiffs' costs. Defendant's tactics include (but are not limited to) claiming that the arsenic at the site was naturally occurring (despite concentrations dozens of times higher than ambient amounts), claiming coverage did not exist because the Pincay Property had experienced a change in use (even though the property was, and will continue to be, a parking lot), and claiming that Plaintiffs' remediation costs were not covered because they voluntarily incurred (which is not true, but even if it were, the Policy's coverage extends to voluntary cleanup programs established pursuant to law or regulation). In short, Defendants have gone to great lengths to deprive Plaintiffs of the Policy's benefits and have not acted in good faith in doing so.

**2. Chubb's Statement of the Case**

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

The Chubb Environmental Liability Policy covers only "reasonable and *necessary* costs" "required by environmental laws" to restore a covered property to regulatory compliance consistent with its use at the time when added to coverage. The vast majority of costs TKG seeks from Chubb as "clean up costs" were not "necessary" in order to effectuate this purpose. Rather, TKG seeks to recover costs voluntarily incurred for the near site-wide excavation of the Pincay Property; costs that were not necessary to enable the property to continue in its then use as a parking lot, but instead were in furtherance of TKG's business interests as a developer and as such not covered under the Policy.

Chubb has paid roughly $430,000 to TKG as reimbursement for remediation of arsenic-related "hot spots" that conservatively might have been necessary for the Pincay Property's continued use as a parking lot or "vacant ground" as described in TKG's application. TKG voluntarily committed itself to compliance with the Soil Management Plan for the neighboring Hollywood Park site—no regulatory authority sought implementation of the Plan until TKG requested it. TKG made that request as part of its contractual agreement with the City of Inglewood *before*

the site was added to the Policy, thus excluding it from coverage.

Further, the Policy's Changes In Use Or Operations exclusion bars coverage for that portion of cleanup-related costs incurred by TKG resulting from the Pincay Property's change in use from an asphalt paved parking lot to a multi-use entertainment/NFL stadium complex. TKG could have left the existing parking lot's asphalt surface intact, which provided an effective barrier to the release of any hazardous materials to the environment with minimal to no remediation. TKG's argument that there is no change in use is counterfactual and requires accepting that TKG incurred in excess of $15 million to "make a parking lot a parking lot." In fact, TKG improved the pre-existing parking lot by an unnecessary—and uninsured—site-wide soil management project to enable the property's changed use, including the situating of a part of the stadium on the Pincay Property itself.

**B. <u>Subject Matter Jurisdiction</u>**

Subject matter jurisdiction is not in dispute among the Parties. Complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court therefore has jurisdiction pursuant to 28 U.S.C. Section 1332.

**C. <u>Legal Issues</u>**

The key issues in this case will largely revolve around the interpretation and construction of the Policy as follows:

- Whether the arsenic at the Pincay Property was the result of an "environmental incident," "pollution incident," and/or "illicit abandonment," as those phrases are used in the Policy;
- If there was a "pollution incident" and/or "illicit abandonment," whether it was first discovered in whole or in part during the policy period under such circumstances that coverage under the Policy was triggered;
- Whether any of the exclusions to coverage apply to the arsenic contamination at the Pincay Property;

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- Whether the amounts expended by Plaintiffs represent reimbursable "clean-up costs," as that phrase is used in the Policy; and
- Whether the amounts expended by Plaintiffs for "remediation" of the Pincay Property were "reasonable and necessary," as those phrases are used in the Policy.

The above represents a combined list prepared by the Parties; perhaps unsurprisingly, the Parties do not necessarily agree that each of the above identified issues should in fact be in dispute. Further, the Parties are likely to disagree as to the extent to which these issues can be adjudicated short of a trial by jury.

If coverage is found to exist under the Policy, the damages (including prejudgment interest) needed to compensate Plaintiffs will need to be confirmed. Chubb disputes that pre-judgment interest accrued during the duration of the tolling agreements entered into at TKG's behest. Likewise, if coverage is found to exist under the Policy, the following will need to be determined: (1) whether Defendants' denial of coverage and refusal to reimburse remediation costs represented a breach of the covenant of good faith and fair dealing, and (2) if so, the damages stemming from such a breach. Even if coverage is found to exist under the Policy, Chubb's position is that its interpretation of the Policy was fairly debatable and therefore, its handling of the claim is not in bad faith.

During their Rule 26(f) conference, the Parties agreed that the substance of this dispute does not present any substantive, procedural, or evidentiary issues that are unusual to this type of case. However, the Parties note that the potential scope of the evidence in the case is expansive. For example, Plaintiffs maintain that the Parties' course of dealing is relevant to various of the determinations that need to be made in this case, and such course of dealing extends to numerous properties, as suggested by sheer number of insured entities and properties identified in the Policy (*see*, *e.g.*, ECF No. 24-1 at 46-68). Similarly, substantial quantities of

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

information relating to portions of the Stadium Project outside of the Pincay Property that extend back more than a decade may be introduced to support or counter various contentions that have been raised.

**D. Parties, Evidence, Etc.**

Parties. The Parties are TKG Management, Inc.; Pincay RE, LLC; Chubb Custom Insurance; and Chubb North America. Chubb maintains that "Chubb North America" is not a legal entity with the capacity to sue or be sued and is instead a brand or trade name that is not properly-named as a defendant. The Parties have discussed this issue and intend to further meet and confer to see if it can be resolved with minimal Court involvement.

Percipient Witnesses. To date, the Parties have identified the following individuals as potential percipient witness in this matter:

1. Alexandra Galovich
2. Amanda Pope
3. Ashlee Llewellyn
4. Ceasar C. Ricasata
5. Chris Holmquist
6. Chris Rogers
7. Cinah Daqiq
8. Don Hennen
9. Douglas Moreland
10. Elizabeth Davidson
11. Gerard McCallum
12. Gregg Crandall
13. Gina Kinney
14. Gloria Chacon
15. Henry Donis
16. Hiram Wastson

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

17. James D. Yoon
18. Jami A. Striegel Orloff
19. Janice Thacher
20. Jason Gannon
21. Jerry L. Gray
22. Juresha Alemayehu
23. Kathryn L. Wuelfing
24. Kenneth Simeon
25. Michael McKown
26. Nikki DeRousse
27. Peter Gabrek
28. Reed McMains
29. Samuel Cronin
30. Samuel Unger
31. Sarah J. Gastler
32. Steven Alabach
33. Zachary Salin
34. Chubb Designated Underwriting Representative(s)
35. Chubb Designated Claims Representative(s)
36. The Kroenke Group, TKG Management, Inc., and/or Pincay Re, LLC Corporate Designee(s)

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Key Documents. The most important document in the case is the Policy. Other key materials identified to date include (but are not necessarily limited to) documents regarding the negotiation and procurement of the Policy, Defendants' claim file for the Pincay Property, Defendants' underwriting files for various properties related to TKG, documents relating to the Parties' course of dealing, documents regarding Defendants' practices in handling environmental claims, and documents relating to the Soil Management Plan, communications between

representatives for TKG and the local officials, TKG communications (internal and external) regarding the Stadium Development Plan, due diligence surrounding that project, and the acquisition of the Pincay Property.

Subsidiaries, Parents, and Affiliates. Plaintiffs' owners were identified in their December 31, 2019 Certification and Notice of Interested Parties [ECF No. 3], a copy of which is attached hereto as Exhibit A for the Court's reference. TKG's owner has ownership interests in numerous business entities globally that include a substantial network of entities created for various reasons, the overwhelming majority of which have no interest in or connection to this lawsuit. In an effort to provide the Court with the pertinent subsidiary, parent, and affiliate information, Exhibit A includes a list of Plaintiffs' subsidiaries and affiliates involved in the Stadium Project.

Defendants' subsidiaries, parents, and affiliates were identified in Defendants' January 28, 2020 Certification and Notice of Interested Parties [ECF No. 10], a copy of which is attached hereto as Exhibit B for the Court's reference.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

**E. Damages**

Plaintiffs claim damages of $4,567,394, plus prejudgment interest at a rate of 10% per annum. Plaintiffs also seek attorneys' fees incurred in pursuing the benefits of the Policy to which they were entitled, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), plus punitive damages in the event of a finding of malice, fraud, or oppression.

**F. Insurance**

As an insurance coverage dispute, "[w]hether there is insurance coverage [and] the extent of coverage" is the fundamental disagreement between the Parties. Plaintiffs contend that there is coverage and that they are entitled to the $5 million limit of the Policy, among other relief. Defendants disagree with those positions.

**G. Motions**

The Parties do not, at this point, anticipate any motions to add parties or

claims, amend pleadings, or transfer venue. Defendants are considering a motion to bifurcate the determination of coverage under the Policy from Plaintiffs' bad faith claim. Plaintiffs will likely oppose such a motion.

**H. Dispositive Motions**

Chubb anticipates that it will file summary judgment motions relating to whether the arsenic contamination at the Pincay Property constitutes an "environmental incident," "pollution incident," and/or "illicit abandonment," as those phrases are used in the Policy, whether the sums expended by Plaintiffs for "remediation" were "reasonable and necessary," as that phrase is used in the Policy, and whether one or more of the exclusions to coverage in the Policy applies here.

**I. Manual for Complex Litigation**

The Parties do not believe that the Manual for Complex Litigation need be utilized in this matter.

**J. Status of Discovery**

The Parties have served initial sets of broad document requests. The Parties have started meet and confer efforts regarding the scope of the documents to be produced in response to those requests, as well as documents potentially being produced before others in an effort to streamline the case.

**K. Discovery Plan**

The Parties believe that the non-privileged documents that will be produced in response to their respective document requests will include and extend well beyond the materials that would be identified in, or produced in connection with, their Rule 26 initial disclosures. Accordingly, the Parties propose that the disclosures be changed to remove the identification of documents, thus allowing the Parties to avoid unnecessary duplication of effort. The Parties further propose that initial disclosures be due at the same time they are to respond to each other's first set of document requests, which would be July 24, 2020.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

The Parties' document requests reflect the subjects on which each of the Parties maintains discovery is necessary, including (but not limited to) the negotiation and procurement of the Policy, Defendants' Claim File for the Pincay Property, Defendants' Underwriting Files for various TKG policies, the Parties' course of dealing, Defendants' practices when handling environmental claims, communications with local regulatory officials, and documents relating to the development, submission, approval, and augmentation of the Soil Management Plan.

The Parties have discussed potentially phasing discovery in this matter, but no agreement has been reached as to a proposal to be submitted to the Court. Further, at this point, the Parties have not identified any issues relating to electronically stored information, have not identified any issues relating to claims of privilege or work product protection, and are not requesting any changes to the limitations on discovery outside of the proposed changes to the Parties' initial disclosures proposed above.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

**L. Discovery Cut-Off**

As reflected in the Schedule of Pretrial and Trial Dates attached hereto as Exhibit C and subject to the issues raised in Subsection S ("Other Issues") below, the Parties propose a non-expert discovery cut-off of February 12, 2021.

**M. Expert Discovery**

As reflected in the Schedule of Pretrial and Trial Dates attached hereto as Exhibit C and subject to the issues raised in Subsection S ("Other Issues") below, the Parties propose initial expert disclosures on January 11, 2021; rebuttal expert disclosures on February 12, 2021; and an expert discovery cut-off of March 19, 2021.

**N. Settlement Conference/Alternative Dispute Resolution**

The Parties participated in a mediation in August 2019. The mediation was not successful, but the Parties have been engaged in further discussions with the

mediator, including as recently as the week before this filing. To the extent that Court intends to require that the Parties participate in further ADR proceedings, the Parties' preference is for the matter to be referred to private mediation.

**O. Trial Estimate**

The Parties currently estimate a trial of 10 court days. Trial will be by jury. Plaintiffs estimate calling between 6 and 10 witnesses. Defendants estimate calling between 6 and 10 witnesses. For work product reasons, the Parties are not prepared to exchange their witness lists yet, so it is likely that the Parties' lists substantially overlap.

**P. Trial Counsel**

Plaintiffs' trial counsel is expected to be Anthony B. Leuin, John J. Stein, and Felicia A. Draper of Shartsis Friese LLP. Defendants' trial counsel is expected to be Adam Stein, Terri A. Sutton, and Mark A. Talise (local counsel only) of Cozen O'Connor.

**Q. Independent Expert or Master**

The Parties do not believe that an independent expert or master should be appointed at this time.

**R. Schedule Worksheet**

A Schedule of Pretrial and Trial Dates is attached hereto as Exhibit C. All dates listed therein are agreed to among the Parties, subject to the "Other Issues" identified below in Subsection S.

**S. Other Issues**

During their Rule 26(f) conference, the Parties identified the following issues to bring to the Court's attention.

**1. Effect of Ongoing Health Crisis**

The document productions in this case, which are likely to involve the extensive course of dealing between Plaintiffs and Defendants and substantial portions of the history of the Stadium Project, will probably be voluminous.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Potential percipient witnesses are spread out over various locations, including Southern California, Northern California, Missouri, and locations on the East Coast. Plaintiffs' counsel is located in Northern California, and Defendants' counsel includes attorneys practicing out of New York, Seattle, San Francisco, and Los Angeles.

In developing the schedule discussed in Exhibit C, the Parties have been guided by the Court's statement that the trial date should be within 18 months of the filing of the Complaint. Under the best of circumstances, such a schedule would be aggressive, particularly given the scope of the case, location of evidence and witnesses, the fact that the Parties agreed to extend the time to respond to Complaint to allow for additional settlement discussions, and the fact that Defendants responded to the Complaint with a Counterclaim in March 2020. However, the ongoing health crisis and consistently evolving challenges and restrictions on travel and gatherings could make what would otherwise be a typical schedule unworkable.

Should the Parties' concerns be realized, they intend to seek relief from the Court at that point. Nevertheless, the Parties believed it would be appropriate and helpful to identify this possibility for the Court in advance of the Scheduling Conference.

**2. Phasing the Litigation**

The Parties' Schedule of Pretrial and Trial Dates, attached hereto as Exhibit C, assumes that this litigation will not be phased in any way. The Parties are exploring ways to phase the case to streamline the litigation -- e.g., complete certain discovery so that any dispositive motions can be filed and ruled upon relatively early in the case. Should the Parties reach agreement on a strategy for phasing the litigation that would require alteration of the Court's scheduling order, they will submit a request for the Court's consideration.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

**3. Telephonic Appearance at the Scheduling Conference**

The Parties recognize that the Court often takes the Scheduling Conference off calendar and issues an order based solely on the Joint Rule 26(f) Report. To the extent there is a hearing, the Parties have submitted a joint request to appear telephonically due to the ongoing health crisis [ECF No. 27].

Dated: July 2, 2020 SHARTSIS FRIESE LLP

By: */s/ Anthony B. Leuin*
ANTHONY B. LEUIN

Attorneys for Plaintiffs
TKG Management, Inc. and Pincay RE, LLC

Dated: July 2, 2020 COZEN O'CONNOR

By: */s/ Terri Sutton*
TERRI SUTTON

Attorneys for Defendants Chubb Custom Insurance and Chubb North America

# EXHIBIT A

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER
SHARTSIS FRIESE LLP
ANTHONY B. LEUIN (Bar #95639)
JOHN J. STEIN (Bar #253777)
FELICIA A. DRAPER (Bar #242668)
SHARTSIS FRIESE LLP
ONE MARITIME PLAZA, EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

ATTORNEY(S) FOR: TKG Management Inc. and Pincay RE, LLC

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TKG Management Inc., a Missouri Corp., and Pincay RE, LLC, a Delaware Limited Liability Co., Plaintiff(s), | CASE NUMBER: |
| v. | |
| Chubb Custom Insurance Company and Chubb North America, Defendant(s) | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1)** |

TO: THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for TKG Management Inc. and Pincay RE, LLC or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Pincay RE Member, LLC | 100% owner of Pincay RE, LLC |
| E. Stanley Kroenke | 100% owner of TKG Management Inc. and Pincay RE Member, LLC |

December 30, 2019
Date

/s/ Anthony B. Leuin
Signature

Attorney of record for (or name of party appearing in pro per):

Anthony B. Leuin

1. Data Co LA Member, LLC
2. Hollywood Park Management Company LLC
3. Horseman Investors, LLC
4. Horseman Investors II, LLC
5. HP DistrictCo LA Member, LLC
6. KSE Stadco Members, LLC
7. LA Bowl, LLC
8. ParkingCo LA Member, LLC
9. Performance Venue Member, LLC
10. TechCo LA Member, LLC

# EXHIBIT B

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

Teri Mae Rutledge, SBN 261229
Cozen O'Connor, 101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: 415-644-0914

Adam Stein, *pro hac vice application to be filed*
45 Broadway Atrium, Suite 1600
New York, NY 100006
Telephone: 212-453-3728

Terri A. Sutton, *pro hac application to be filed*
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206-224-1272

ATTORNEY(S) FOR: Defendants Chubb Custom Insurance Company and Chubb North America

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TKG Management, Inc., a Missouri Corporation, and Pincay RE, LLC, a Delaware Limited Liability Company,

Plaintiff(s),

v.

Chubb Custom Insurance Company and Chubb North America,

Defendant(s)

CASE NUMBER:

2:19-cv-10986-JPR

**CERTIFICATION AND NOTICE OF INTERESTED PARTIES**
**(Local Rule 7.1-1)**

TO: THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for Defendants Chubb Custom Insurance Company and Chubb North America,
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
| --- | --- |
| Chubb Custom Insurance Company | Wholly-owned subsidiary of Executive Risk Indemnity Inc., which is a wholly-owned subsidiary of Chubb INA Holdings Inc. Chubb INA Holdings Inc. is owned 80% by Chubb Group Holdings Inc. and 20% by Chubb Limited. Chubb Group Holdings Inc. is a wholly-owned subsidiary of Chubb Limited, the ultimate parent and the only publicly-traded company |
| Chubb North America | Brand or trade name for the business unit that carries out insurance business in North America, and not a legal entity |

January 28, 2020
Date

*/s/ Teri Mae Rutledge*
Signature

Attorney of record for Defendants

Chubb Custom Insurance Company and Chubb North America

# EXHIBIT C

**JUDGE ANDRÉ BIROTTE JR**

**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

**Case No.** 2:19-cv-10986-AB-AS | **Case Name:** TKG Management Inc., et al. v. Chubb Custom Insurance Company. et al.

| Trial and Final Pretrial Conference Dates | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Check one: [✓] Jury Trial or [ ] Court Trial<br>**(*Tuesday* at 8:30 a.m., within 18 months after Complaint filed)**<br>Estimated Duration: 10 Days | | 06/29/2021 | 06/29/2021 | [ ] Jury Trial<br>[ ] Court Trial<br>_______ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine<br>**(*Friday* at 11:00 a.m., at least 17 days before trial)** | | 06/11/2021 | 06/11/2021 | |
| **Event** [1]<br>***Note:*** Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to ***Hear*** Motion to Amend Pleadings/Add Parties *[Friday]* | | 08/21/2020 | 08/21/2020 | |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for *filing* dispositive motion)** | 17 | 02/12/2021 | 02/12/2021 | |
| Expert Disclosure (Initial) | | 01/11/2021 | 01/11/2021 | |
| Expert Disclosure (Rebuttal) | | 02/12/2021 | 02/12/2021 | |
| Expert Discovery Cut-Off | 12[2] | 03/19/2021 | 03/19/2021 | |
| Last Date to ***Hear*** Motions *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 03/19/2021 | 03/19/2021 | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>*Select one*: [ ] 1. Magistrate Judge *(with Court approval)*<br>[ ] 2. Court's Mediation Panel<br>[✓] 3. Private Mediation | 10 | 04/02/2021 | 04/02/2021 | [ ] 1. Mag. J.<br>[ ] 2. Panel<br>[ ] 3. Private |
| **Trial Filings (first round)**<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 05/21/2021 | 05/21/2021 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 05/28/2021 | 05/28/2021 | |

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above.***

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**